UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL HINES,

        Plaintiff,

v.

MATHER V.A. HOSPITAL,

        Defendant.

Case No. 21-cv-06564-VKD

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS THE COMPLAINT**

Re: Dkt. No. 25

       Pro se plaintiff Michael Hines sues over a mistake in the Veterans Administration's record of his name that he claims caused him emotional distress and resulted in the loss of veterans benefits. The United States of America[1] and defendant Mather V.A. Hospital ("Hospital"), move pursuant to Rule 12(b)(6) to dismiss the complaint. Mr. Hines opposes the motion. The matter was deemed suitable for determination without oral argument. Dkt. No. 30; Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, the Court grants the motion to dismiss in part and denies it in part.[2]

**I.    BACKGROUND**

       The following background facts are drawn from the allegations of Mr. Hines's complaint, which for present purposes, are deemed true.

---

[1] The complaint does not name the United States as a defendant. However, for convenience, the Court refers to the United States and the Hospital collectively as "defendants."

[2] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 3, 27; *see also* Dkt. No. 13 at 6, Dkt. No. 19 at 6.

Mr. Hines says that although he does not have a middle initial, "[b]etween the years of 2015 to 2021, someone changed [his] name to Michael X. Hines." Dkt. No. 1 at 4. According to his complaint, Mr. Hines "went to several different VA facilities to remove the X out of [his] name," but they refused to correct the error until July 2021. *Id*. at 4, 8. Noting that he suffers from chronic depression and schizophrenia, Mr. Hines says that the mistake in the record of his name caused him to feel "extreme paranoia and fear[.]" *Id*. at 5. Meanwhile, Mr. Hines says that unbeknownst to him, "between the years of 2015 to 2020 [he] was listed as a non-vet status," and he "found out about it when [he] was seeking help from the Mather V.A. for being homeless." *Id*. at 5. Mr. Hines alleges that he "wasn't receiving any critical benefits because someone changed [his] status as non-vet the same time the X appeared on [his] name." *Id*. The complaint states that Mr. Hines submitted a tort claim, which was denied. *Id*.

On August 25, 2021, Mr. Hines filed the present lawsuit for alleged violation of his civil rights, claiming that he was "discriminated by the name change and the denial of benefits because of vet status change without [his] consent." *Id*. at 6. He seeks $50,000 due to the alleged loss of benefits and "the pain[,] suffering, fear, depression and ps[y]chological [e]ffect on [his] mind." *Id*. at 8.

Defendants now move pursuant to Rule 12(b)(6) to dismiss the complaint on the ground that Mr. Hines's complaint fails to state a claim for any civil rights violations and is otherwise time-barred to the extent he seeks to assert a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80.

## II.   LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id*. (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id*.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  However, only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 679.  A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*.  A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678.  Pro se pleadings are liberally construed. *See Balistreri*, 901 F.2d at 699.

Documents appended to or incorporated into the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

### III.  DISCUSSION

#### A.  Civil Rights Claim

Mr. Hines asserts a sole claim for relief for alleged violation of his "civil rights."  Dkt. No. 1 at 6.  Defendants persuasively argue that Mr. Hines fails to plead such a claim and that his complaint should instead be construed as asserting a claim under the FTCA.

Mr. Hines's complaint does not identify which, if any, of his civil rights were violated, and his opposition brief vaguely refers to "Bevins [sic] (Federal Civil Rights Due Process)."  Dkt. No. 28 at 2.  To state a *Bivens*[3] claim, a plaintiff must allege that the defendant violated a federal constitutional right while acting under color of federal law. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).  However, a *Bivens* action generally is not available against federal agencies. *See*

---

[3] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

3

*FDIC v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Moreover, in the decades since *Bivens* was decided, the Supreme Court has extended its holding in *Bivens* on only two other occasions, *see Davis v. Passman*, 442 U.S. 228 (1979) (recognizing Fifth Amendment claim based on gender discrimination against United States Congressman) and *Carlson v. Green*, 446 U.S. 14 (1980) (recognizing Eighth Amendment claim for damages against federal prison officials for failure to provide adequate medical treatment). The Supreme Court subsequently has made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017); *see also Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (noting that "for almost 40 years [the Supreme Court] ha[s] consistently rebuffed requests to add to the claims allowed under *Bivens*.") (collecting cases).

In any event, Mr. Hines does not allege facts to support a plausible claim for denial of due process. Instead, his complaint and his opposition brief indicate that his claim is based solely on the alleged "name change," refusals to correct the name change, and "denial of benefits because of vet status change" that reportedly occurred when the record of his name was altered. Elsewhere in his complaint, Mr. Hines indicates that he intends to sue the government in tort. *See id.* at 5. His claim reasonably is construed as one under the FTCA, which permits suits against the United States "for injury or loss of property, or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).[4]

Accordingly, to the extent Mr. Hines's complaint indicates that his claims are based on an alleged violation of his civil rights, defendants' motion to dismiss is granted. The complaint is instead construed as one brought pursuant to the FTCA.

---

[4] In his case management statements, Mr. Hines also states that his claim is one for relief under the FTCA. *See* Dkt. No. 13 at 2; Dkt. No. 19 at 2.

**B.     FTCA Claim**

Defendants correctly note that the United States, not an individual agency, is the only proper defendant for an FTCA claim. *See Lance v. United States*, 70 F.3d 1093, 1094 (9th Cir. 1995) ("The United States is the only proper defendant in an FTCA action."); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) (same) (citing 28 U.S.C. §§ 1346(b), 2679(a)). Accordingly, the Court agrees that the Hospital should be dismissed and that the sole defendant is the United States.[5]

The United States maintains that Mr. Hines's FTCA claim must be dismissed because he did not timely present his administrative claim prior to filing suit. Under the FTCA, a tort claim against the United States is barred "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues[.]" 28 U.S.C. § 2401(b).[6] The FTCA's statute of limitations is not jurisdictional and may be equitably tolled. *United States v. Wong*, 575 U.S. 402, 407 (2015). A plaintiff's claim accrues once he becomes aware of his injury and its immediate cause. *United States v. Kubrick*, 444 U.S. 111, 122 (1979); *Gallardo v. United States*, 755 F.3d 860, 864 (9th Cir. 2014). Accrual of a claim does not occur at a later time when the plaintiff learns that the acts inflicting injury may also constitute a legal claim. *See Kubrick*, 444 U.S. at 122 ("We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment. That he has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain."); *see, e.g., Gallardo*, 755 F.3d at 863-64 (holding that plaintiff's FTCA claim against the U.S. Marine Corps. based on sexual assault accrued at the time of the assault, not later when plaintiff learned of the Marine Corp's

---

[5] As discussed below, Mr. Hines will be given leave to amend his complaint to substitute the United States as defendant.

[6] Section 2401(b) has been interpreted as including a separate timing requirement that a claim must be filed in federal court within six months of the agency's final denial of the administrative claim. *See Redlin v. United States*, 921 F.3d 1133, 1136 (9th Cir. 2019). The United States does not raise an issue with respect to this requirement.

negligence).

If the expiration of the applicable statute of limitations is apparent from the face of the complaint, the defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion to dismiss. *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980). "A dismissal motion should be granted, 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Id.* (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). However, where the statute of limitations question turns on factual issues that may be disputed, the question is more appropriately addressed at a later stage of the proceeding. *Jablon*, 614 F.2d at 682.

To the extent he seeks monetary damages for emotional distress caused by the mistaken name change, the United States argues that Mr. Hines should have presented an administrative tort claim within two years of learning about the mistake. Although the complaint is vague as to when Mr. Hines discovered the purported error in the record of his name, in his opposition brief Mr. Hines states that he learned about it sometime in 2016. *See* Dkt. No. 28 at 2. Mr. Hines did not present his administrative claim until April 15, 2021,[7] well over two years later. In his opposition, Mr. Hines says that no one at the Department of Veterans Affairs ("VA") told him to file an administrative tort claim. Dkt. No. 28 at 2. The United States maintains that the VA had no duty to do so. Further, the United States argues that if Mr. Hines did not already know about the administrative exhaustion requirement, he learned about it no later than February 2019, when he received an order in another case describing that requirement. *See Hines v. V.A. Mather Med. Ctr.*. No. 2:17-CV-1634-DMC, 2019 WL 487005, at*2 (E.D. Cal. Feb. 7, 2019). Although the United States contends that the February 2019 court decision is not a proper basis for tolling the

---

[7] A claim is "presented" to an agency when the agency receives the claim. *See Redlin*, 921 F.3d at 1136 (citing 28 C.F.R. § 14.2(a)). The United States has submitted a copy of Mr. Hines's administrative claim, noting that the claim is "referenced" in his complaint. Dkt. No. 25-1 ¶ 3, Ex. A. Under the incorporation by reference doctrine, a document may be deemed part of the complaint "'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). For present purposes, the Court finds it necessary to consider only the date Mr. Hines's administrative claim was presented to the agency.

limitations period, it points out that Mr. Hines's administrative complaint was, in any event, presented more than two years after that decision issued.

Mr. Hines contends that the continuing violation doctrine applies to save his FTCA claim. The continuing violation doctrine has been described by the Ninth Circuit "as involving repeated instances or continuing acts of the same nature, as for instance, repeated acts of sexual harassment or repeated discriminatory employment practices." *Nesovich v. United States*, 71 F.3d 776, 778 (9th Cir. 1995). However, "[a] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981). Moreover, "[t]he doctrine applies where there is no single incident that can fairly or realistically be identified as the cause of significant harm." *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002) (internal quotations and citation omitted).

Although the United States argues that Mr. Hines's FTCA claim is based on a single mistaken name change, Mr. Hines's complaint reasonably can be construed to claim that the alleged repeated refusals to correct the record of his name caused him to suffer emotional distress and the loss of veterans benefits. *See* Dkt. No. 1 at 4-5, 8. Mr. Hines states that he went to different VA facilities requesting that they correct his name, but his requests were refused. *See* Dkt. No. 1 at 4; Dkt. No. 28 at 2. He argues that the repeated refusals are like the circumstances presented in *Salisbury v. Caritas Acquisitions V, LLC*, No. CV 18-08247-CJC(Ex), 2019 WL 8105373 (C.D. Cal. Dec. 10, 2019), where the court concluded that the plaintiff may be able to show a continuing violation based on his repeated requests for a disability accommodation that were repeatedly denied. *See id*. at *4. In its reply, the United States argues that the continuing violation doctrine does not apply because Mr. Hines complains only about the continuing ill effects of a single mistaken name change. The United States further contends that "[t]he VA never refused to correct the mistake" in Mr. Hines's name. Dkt. No. 29 at 2.

The VA's alleged refusals to correct the mistake in Mr. Hines's name is a factual matter that cannot be resolved at the pleading stage on a Rule 12(b)(6) motion. Insofar as the United States's statute of limitations defense appears to turn, at least in part, on the VA's purported refusals to correct the mistaken name change, the merits of that defense cannot properly be

7

resolved at this stage of the litigation. *See Conerly,* 623 F.2d at 119; *Jablon,* 614 F.2d at 682. The continuing violation doctrine potentially could apply to Mr. Hines's FTCA claim. Alternatively, there may be a refusal to correct Mr. Hines's name that falls within the limitations period. Moreover, Mr. Hines's complaint alleges that the change to "non-vet" status occurred without his knowledge, and in his opposition brief Mr. Hines states that he did not discover that he was listed as a "non-vet" until May 19, 2019. Dkt. No. 1 at 5; Dkt. No. 28 at 2. While the United States argues that Mr. Hines's claim nonetheless should be dismissed because his allegations regarding the loss of "critical benefits" is conclusory, the nature of the alleged lost benefits is a fact issue that may be explored and addressed in the litigation.

In sum, the Court finds that Mr. Hines has pled sufficient facts to support his FTCA claim and that the United States's statute of limitations defense is more appropriately addressed at a later stage of the litigation. Accordingly, the United States's motion to dismiss Mr. Hines's FTCA claim is denied.

## IV. CONCLUSION

Based on the foregoing, defendants' Rule 12(b)(6) motion to dismiss the complaint is granted in part and denied in part as follows:

1. Mr. Hines's claim for violation of his civil rights is dismissed.

2. The United States's motion to dismiss the Hospital as defendant is granted. Mr. Hines is given leave to file an amended complaint that deletes the Hospital and adds the United States as defendant. His amended pleading should be titled "First Amended Complaint" and must be filed no later than **June 27, 2022**.

3. The United States's motion to dismiss Mr. Hines's FTCA claim is otherwise denied.

4. The United States shall file its response to Mr. Hines's First Amended Complaint by **July 11, 2022**.

5. The initial case management conference is re-set to **August 2, 2022, 1:30 p.m.**

8

The parties' case management statement(s) shall be filed by **July 26, 2022**.

**IT IS SO ORDERED.**

Dated: June 6, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge